## BLACKWELL v. THE STATE.

1. LIQUOR: *Act of March 2, 1875, forbidding sale of, constitutional.*
   The act of March 2, 1875, to prevent the sale or giving away of liquor within three miles of any academy, college, university or institute of learning, is constitutional.

2. SAME: *Indictment under act.*
   The indictment for violating the act need not allege that the academy within the prohibited limits was incorporated. It is sufficient to describe it as an academy, college, university or institute of learning, giving the name, if it has any, by which it is known in the community where situated, so as to identify it with reasonable certainty.
   Nor need it allege that the liquor was sold without the prescription of a physician. It is for the defendant to prove the prescription, if he can.

3. SAME: *Both sexes may petition: Finding of county court as to number conclusive.*
   Adult females, as well as males, may join in the petition, and the finding and judgment of the county court, that the petitioners are a majority of the adult residents within the prescribed limits, can not be impeached upon a trial for a violation of the act.

4. SAME: *Notice of filing the petition.*
   No notice of the filing of the petition is required.

5. CORPORATION: *When complete.*
   When an incorporating act requires nothing to be done by the trustees named in it, as a condition precedent to their becoming a corporation, they become such immediately upon its passage.

6. SAME: *Non-user: How charter forfeited by.*

The charter of a corporation can be avoided for *non-user* or *misuser* only by direct proceedings against it, on behalf of the state, for that purpose. Individuals can not allege it in collateral suits until it be judicially declared.

7. SAME: *Quorum.*

By the common law a majority of the trustees of a corporation is necessary to constitute a quorum.

8. CORPORATION: *Dissolved by death of members.*

By the death of all its members a corporation is dissolved, and when from death or disfranchisement too few remain under the constitution of the corporation to continue the succession, to all purposes of action at least, the corporation itself is dissolved; but as long as the survivors are sufficient in number to continue the succession, the body remains.

When a corporation is dissolved by the death of its members, the fact may be shown collaterally.

9. LIQUOR: *Indictment: Name of academy.*

If the legal name of the academy be changed by the trustees, though illegally, the description in the indictment by the new name is sufficient.

10. SAME: *To what schools the act applies.*

The act does not apply to common schools provided by the legislature, though they be taught in the building of an academy or college.

11. SAME: *Subsequent licenses void.*

A license issued after the order is made, is no defense to a prosecution for its violation.

APPEAL from *Yell* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Joseph T. Harrison* and *William N. May*, for appellant:

An act giving authority to a majority of the *adult citizens* of the township to enact a law, is unconstitutional. *Const. of 1874, Art. III, sec. 1, Art. III, sec. 28; Cooley on Const. Lim., pp. 117 to 122, and 138, 210, 212.*

There was no proof of a valid change in the name of the "Dardanelle Female Institute" to the "Dardanelle Institute." The attempted change was not in accordance with law. *Gantt's Digest, secs. 3405, 3406.* The requisites were not complied with. The charter to the former trustees had been lost, being abandoned and disused, until all

but three trustees out of ten were dead, who attempted to fill vacancies and reorganize, without authority. A majority was necessary for business. *An. & Ames on Cor.*, *secs.* 501–2–3.

The excluded proof would have shown that the school was taught under a lease of the buildings by the common school directors, and not by the academy under its organization. Court erred in excluding proof of this, and also in refusing defendant leave to show his license. Also, in refusing to let defendant show that the Dardanelle Female Institute had forfeited its charter.

Also, in refusing evidence that the petition was signed by many women and girls.

Instruction for the state erroneous, in assuming that the corporate existence of the Dardanelle Institute was proven, and, also, in dispensing with proof on the part of the state that the whisky was sold without a physician's certificate.

The allegation that the whisky was sold within three miles of *Dardanelle Institute, an incorporated academy*, made proof of the incorporation material.

*Henderson, Attorney General*, for The State:
Cited *Dubois v. The State*, and cases cited.

ENGLISH, C. J. On the seventh of February, 1878, William Blackwell was indicted in the circuit court of Yell county, for the Dardanelle district, the indictment charging that: " The said William Blackwell, on the tenth day of January, 1878, in the incorporated town of Dardanelle, in the Dardanelle district, in the county of Yell, etc., unlawfully did sell one pint of whisky, spirituous liquor, to Dock Holland, within three miles of the Dardanelle Institute, an incorporated academy, while

pupils were being taught in the same, without a certificate in writing from a regular practicing physician that said liquor was for use in a case of actual sickness, when the county court of Yell county had made an order, upon the petition of a majority of the adult residents of Dardanelle township, prohibiting the sale or giving away of spirituous or vinous liquors within three miles of said Dardanelle Institute, which said order was then of record, and in full force, against the peace," etc.

The defendant filed a demurrer to the indictment, which the court overruled. He was tried on a plea of not guilty, convicted and fined twenty-five dollars; filed motions in arrest of judgment and for a new trial, which were overruled, and he took a bill of exceptions and appealed.

I. The grounds of the demurrer were, that the county court had no jurisdiction, power or authority to make the order referred to in the indictment, and that the indictment did not state facts sufficient to constitute a public offense.

1. Act of March 2, 1875, forbidding the sale of liquor near academy, constitutional.

The county court was authorized to make such order by the act of March 2, 1875 (*Acts of 1875, p. 206*), under which the indictment was drawn. The learned counsel for appellant has earnestly argued that the act is unconstitutional, but this question was carefully considered in *Boyd v. Bryant, 35 Ark., 69*, and the act was held constitutional, and that decision was followed in *Wilson v. The State, 35 Ark., 414.*

The indictment in this case, alleges all the material facts necessary to constitute an offense under the statute, and makes two unnecessary averments.

It was not necessary to allege that the Dardanelle Institute, or academy, was incorporated. The statute does not make that material. It is sufficient to describe it in the language of the statute as an academy, college, university or institute of learning, and to mention the name, if any

2. Academy need not be incorporated.

it has, by which it is known in the community where located, so as to identify it with reasonable certainty. *Wilson v. The State, supra.*

Prescription of physician to be proved by accused.

Nor was it necessary to allege that the accused sold the whisky without the written certificate of a physician, required by the statute as a justification for the sale. This exception is not in the enacting section of the statute, but in a separate section, and is matter to be shown in defense, as held in *Wilson v. The State.*

II. The motion in arrest of judgment, presented the same objections raised on the demurrer to the indictment, and it was properly overruled.

III. On the trial, the court permitted the state to read in evidence, against the objection of appellant, the order of the county court referred to in the indictment.

The order appears to have been made on the fourth of October, 1875, at a regular term of the county court of Yell county, and is, in substance, as follows:

" Now, on this day, appear, in open court, here, W. D. Jacoway and Thomas Boles, and present the petition of George L. Kimball, Haynes A. Howell and Joseph Evans, and eight hundred and eighteen others of the adult residents of Dardanelle township, Yell county, etc., praying this court to make an order forbidding and prohibiting the sale, or giving away, of vinous, spirituous or intoxicating liquors, within three miles of the Dardanelle Institute and the Dardanelle High school, institutions of learning in said Dardanelle township, under the provisions of an act of the general assembly of the state, etc., entitled, ' An act to prevent the sale, or giving away, of vinous, spirituous or intoxicating liquors, within three (3) miles of any academy, college or university in this state,' approved March 2, 1875; which petition is verified by the affidavits of W. D. Jacoway and Thomas Boles. And the court, being fully advised

in the premises, is satisfied and finds that said town of Dardanelle is not a city of the first or second class, in which a regular police force is maintained, and that the said institutions of learning are situated in said Dardanelle township, and that pupils are now being taught and instructed in the same, and that the said petitioners are a majority of the adult residents of said township; therefore, it is by the court here ordered, that the sale, or giving away, of vinous, spirituous or intoxicating liquors, within three miles of the said Dardanelle Institute and the said Dardanelle High school, in the said Dardanelle township, be, and is hereby, forbidden and prohibited, in accordance with the prayer of said petitioners, and the provisions of the act above mentioned," etc.

The order was accurately framed, and shows a compliance with all of the provisions of section 4 of the act, under which it was made, and no good reason appears why it should not have been read in evidence.

IV. In the course of the trial, appellant produced the original petition on which the order was made, and offered to read it in evidence, and to prove by a witness, that four or five hundred of the persons whose names were attached to it, were women and girls; which the court excluded, and appellant excepted. 3. Both sexes may petition.

The statute authorized such order to be made upon the petition of a majority of the " adult residents " of the township in which the school is located. The petitioners are not required to be males or electors. The legislature might, in the exercise of the police power of the state, have passed an act to prohibit the sale of intoxicating liquors, etc., within three miles of academies, etc., without any provision for a petition from any number or class of inhabitants, or order of a county court, as it has done by special acts applying to particular schools. But it thought proper, in

the act in question, to leave it optional with a majority of the adult residents of townships in which academies, etc., were located (not specially embraced in other acts—see *sec. 5 of the act*), whether they would, by petitions to, and orders of, the county courts, make the act operative in such townships. There is no good reason why women and girls, if adults, should not join in such petitions. They are as deeply interested in removing temptations to dissipation and vice from pupils of schools, and preserving good morals in communities where such institutions of learning are located, as men are. (*Wilson v. The State, supra.*) The county court

Finding of county court as to majority, etc., conclusive.

judicially ascertained as a fact, that the petition was signed by a majority of the adult residents of the township, and the correctness of its judgment in the matter could not be inquired into in this prosecution, being a collateral, and not a direct proceeding to review the judgment.

4. Notice of the filing of petition not necessary.

V. Appellant also asked a witness if there was any notice given of the application of the petitioners to the county court for the order; the state objected to the question; the court sustained the objection, and appellant excepted.

No notice is required by the statute, and the matter does not belong to the class of cases where the court, upon a general principle, should order notice to be given. It can hardly be supposed that a petition could be circulated in a township, a majority of the adult residents procured to sign it, and that it could be presented to the county court sitting publicly, without its being generally known, and coming to the knowledge of keepers of dram-shops and saloons, or persons engaged in selling intoxicating liquors. The legislature doubtless did not suppose that such things could be done in a corner; and, hence, made no provision for notice.

VI. The state proved by Dock Holland that he bought whisky of appellant some time during the fall of 1877, and at different times up to and during the month of February, 1878, and in different quantities, in the town of Dardanelle, Yell county, etc., and within three miles of the brick building situated in block 15, of said town, which was called the building of the Dardanelle Institute, for school purposes. That he purchased said whisky of appellant at his grocery, which was but a few yards from the Dardanelle Institute.

There was evidence that pupils were taught in the institute during the period mentioned by this witness which will be further stated and considered below.

VII. The indictment having alleged, though unnecessarily, the Dardanelle Institute to be a corporation, the prosecuting attorney attempted to prove it. Appellant objecting to all the evidence offered on the subject, and the court overruling the objections.

The act of fourteenth of January, 1857, to incorporate the trustees of the Dardanelle Institute (*Acts of 1856, p. 113*), was first read in evidence. This act names fourteen persons as trustees, makes them and their successors a corporation, and prescribes their powers and duties. Its ninth section declares that it shall be a public act, judicially taken notice of as such, without special pleading. The court might have given in charge to the jury any provision of this act, deemed applicable to the facts of the case, without its being read as evidence. No proof was offered that the trustees named in the act organized and put the school in operation under the act, and the case presents nothing to decide about it.

The act of eighteenth of February, 1859 (*Acts of 1858, p. 184*), to incorporate the Dardanelle Female Institute was next read in evidence. By section 1 of this act, an institu-

5. CORPORATION: When complete.

tion of learning was established in the town of Dardanelle, under the name of the Dardanelle Female Institute. By section 2 ten persons were named as and appointed trustees (some of them being the same persons named as trustees in the act of fourteenth of January, 1857), and they, and their successors were thereby constituted a body politic and corporate, under the name and style of the Dardanelle Female Institute for ninety-nine years, etc. ·

This act created, *ipso facto et eo instanti*, the trustees named a corporation, under that name, the act requiring nothing to be done by them as a condition precedent to their becoming a corporation. *Hammett v. Little Rock and Napoleon Railroad Co., 20 Ark., 204.*

The state proved by George L. Kimball, secretary of the board of trustees of the Dardanelle Institute that during, and after the late civil war, all of the original trustees named in the act of eighteenth of February, 1859, incorporating the Dardanelle Female Institute, died except three —H. P. Barry, Thomas W. Pound, and John J. Stirman. And by the minutes of the board, that these three surviving trustees held a meeting in Dardanelle, on the twelfth of February, 1872, and elected persons to fill the vacancies in the board (who are named), and that the persons so elected appeared, and accepted the trusts; and then the trustees proceeded to organize by electing a president, secretary, etc.

6.NON-USER How charter forfeited by.

On these facts the point was made for appellant, that the corporation was dissolved by reason of *non user* during the period indicated by the witness George L. Kimball.

If the corporation forfeited its charter by *non user* or *misuser*, advantage could be taken of such forfeiture only on process in behalf of the state, instituted directly against the corporation for the purpose of avoiding the charter or act of incorporation; and individuals can not

avail themselves of it in collateral suits, until it be judi-
cially declared.   *Hammett v. Little Rock and Napoleon Rail-
road Co., ubi sup.*

The further point was made for appellant that the three 7. QUORUM:
surviving trustees could not fill the vacancies in this body
occasioned by deaths.   That no vacancy could be filled
unless a majority of the trustees had been living and pres-
ent.

In the act of fourteenth of March, 1857, incorporating
the trustees of the Dardanelle Female Institute, it was pro-
vided that when a vacancy occurred in the board of trus-
tees, by death, resignation, or otherwise, they should have
power to fill the same, a majority being present.   There
was also a provision that a majority of the trustees should
be required to constitute a quorum in transacting the busi-
ness of the corporation.   *Secs. 5 and 6.*

In section 3 of the act of eighteenth of February, 1859,
it is provided that the trustees shall have power to fill va-
cancies in this body, happening by death, resignation or
otherwise, but is silent as to what number of them shall
constitute a quorum when such vacancies are filled.

Section 7 provides " that there shall be a stated annual
meeting of the trustees to be held at such time as they
shall appoint at their first regular meeting held under the
charter, and a majority of them shall constitute a quorum
to transact all business."

By this act the powers and duties of the corporation
were intrusted to ten trustees, and their successors.   If
the charter were silent as to a quorum, by the common
law, a majority is necessary to constitute a quorum, and
no act can be done unless a majority be present.   *Angell &
Ames on Corporation, 4th ed., sec. 506.*

It follows that the three surviving trustees could not
legally fill vacancies in the board without legislative aid.

8. CORPOR-
ATION:

Dissolved
by death of
its mem-
bers.

By the death of all its members, a corporation aggregate is dissolved. And, when from death or disfranchisement so few remain, that by the constitution of the corporation they can not continue the succession, to all purposes of action at least, the corporation itself is dissolved. As long, however, as the remaining corporators are sufficient in number to continue the succession, the body remains; as though all the works of an abby died, yet if the abbot was alive, the corporation was not determined, since the abbot might profess others. *Ib.*, sec. *768.*

May be
shown col-
laterally.

When a corporation has been dissolved by the death of its members, this fact may be shown collaterally. *Field on Corp.*, sec. *494; Canal Co. v. R. R. Co., 4 Gill & Johnson, 122; Phillips v. Whickham, 1 Paige, 590; Cary v. Cin. & C. R. R. Co. et al, 5 Iowa, 367.*

It follows that the state in undertaking to prove the unnecessary allegation in the indictment that the Dardanelle Institute was an incorporated academy, proved too much.

In *Shover v. State, 10 Ark., 259,* the gist of the offense was the keeping of a grocery-store open on Sunday, and the indictment having unnecessarily alleged that the defendant was the owner of the house, it was decided that the state had to prove the allegation. That it could not be treated as surplusage. See also *State v. Anderson, 30 Ark., 131,* and cases cited.

VIII. The indictment describing the school in question as the Dardanelle Institute, and the charter styling it the Dardanelle-*Female* Institute, the state, to avoid advantage being taken of this variance, proved that, at a meeting of the board of trustees, held for that purpose, on the sixteenth of February, 1872 (after its organization as above shown), it was resolved that the word "Female" be stricken from the name of the institute, and that it should thereafter be called and known as the Dardanelle Institute,

all the trustees having waived the twenty days' notice of the time and purpose of the meeting required by the statute.  See *Gantt's Digest, secs. 3405-6.*

The only objection made by appellant to the action of the board of trustees, was that it was not shown that the secretary of the board filed a certified copy of the resolution changing the name of the institute in the office of the recorder of the county, etc., as directed by the statute.

It is not material in this case to decide that the name was legally changed.  It was, in fact, changed, and thereafter it appears that the institution was called the Dardanelle Institute, and it was so described in the order of the the county court prohibiting the sale of intoxicating liquors, etc., within three miles of it.

IX.  The state further proved that, on the twenty-seventh of July, the board of trustees made a contract, by law, with William B. Morrow, to take charge of the institute building, make repairs, inclose the grounds, and to teach an English school therein, with primary, academic and school departments, at certain charges for tuition per session, the lease to be for a term of five years.

George L. Kimball, secretary of the board of trustees, testified that, after teaching one year, Morrow made arrangements to rent the property for one year to the board of school directors of school district, No. 15, and before the end of the year the directors bought out Morrow's lease.  That the first year of Morrow's school, as taught under the direction of the board of directors, was from the third of September, 1875, to the twenty-fourth of May, 1878, and included the month of January, 1878.  That it was a good school, primary instruction and high school department, teaching Latin, mathematics, etc., and taught at the Dardanelle Institute.

On cross-examination, he testified that the school, as

taught under the board of directors of school district No. 15, was not the same school now taught in the "Dardanelle Institute," under the board of trustees. That he was a member of the board of directors of school district No. 15, and had been since 1876. That the time (January, 1878.) at which the defendant was charged in the indictment with selling whisky, the school directors of special school district No. 15 had leased the said building from Morrow.

Here appellant asked the witness whether the school taught at the time charged in the indictment, or within twelve months before that time, was taught under the supervision, regulation, control or direction of the trustees of the Dardanelle Institute, by virtue of its charter, etc., or under the rules and regulations of the directors of special school district No. 15?

These and other similar questions were ruled out by the court.

It does not appear that appellee sold whisky within three miles of the Dardanelle Institute, while pupils were being taught therein, under the contract made by the trustees of the institute with Morrow. It seems that after teaching a year, he leased the institute building to the directors of school district No. 15, one of the schools provided under our common school system, and the whisky was sold while the school was being taught in the building of the Dardanelle Institute.

The act of March 2, 1875, forbids the sale of intoxicating liquors, etc., within three miles of any academy, college, university or institute of learning, while pupils are being taught therein, after an order of the county court prohibiting it.

10. Act does not apply to common schools. The act does not apply to the common schools provided for by the legislation on that subject, though one of these schools be taught in a building under lease from the trus-

tees of an academy, college, university or institute of learning. The school itself must belong to one of the classes or grades of schools indicated in the forbidding act.

The court, therefore, erred in ruling out the questions asked the witness, Kimball, by appellant, tending to elicit the facts in relation to the character, control and management of the school taught in the institute building at the time laid in the indictment.

X. The liquor licenses offered in evidence by appellant, and excluded by the court, were dated after the order of the county court forbidding the sale of intoxicating liquors, etc., within three miles of the Dardanelle Institute, and were no defense to the charge in the indictment.

11. License issued after the order void.

We have above disposed of all the questions of law reserved at the trial, relating to the admission of evidence, and the instructions of the court, and made the grounds of the motion for a new trial, deemed material to be noticed.

Upon the case made by the state, the court should have set aside the verdict.

Reverse and remand for a new trial.