No. 9859.

## THE STATE v. STEPHENSON.

CRIMINAL LAW.—*Bribery.*—*Officer.*—*Affidavit and Information.*—*Statute Construed.*—Section 39, 2 R. S. 1876, p. 443, as amended by the act of 1871 (Acts 1871, p. 45), providing punishment for offering a bribe to an officer to influence his official behavior, contemplates a distinct and well defined offer. If the offer be of a present, then its nature and value must not

. be left to conjecture; and therefore an affidavit for an information, charging that the offer was of "a present, or a present of one hundred dollars, the affiant is not certain which," is insufficient, and a further charge therein of the payment of $100 *after* the official action desired was consummated, is mere surplusage.

From the Delaware Circuit Court.

*D. P. Baldwin,* Attorney General, and *J. E. Mellett,* for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information for bribery, under the act of 1852, defining certain felonies and prescribing the punishment therefor. 2 R. S. 1876, p. 443, section 39.

The affidavit and information were both quashed and the defendant discharged.

We set out the substantial part of the affidavit in a condensed form, omitting only some palpably immaterial averments.

James M. Davis, being sworn, says: That, on the — day of June, 1880, George W. Stephenson was an aspirant for the office of school trustee of the school city of Muncie, in the county of Delaware and the State of Indiana, and that at that time one Joseph Hill was a member of the common council of said city of Muncie; that on the first Monday in June of the year 1880, said common council held a meeting for the transaction of general business, at which meeting the said Hill was present, acting as a member of such common council; that at said meeting said common council elected a school trustee for the said school city of Muncie, to fill the vacancy about to occur in the office of such school trustee by the expiration of the term of service of one John Husted; that prior to said meeting of said common council, that is to say, on the — day of June, 1880, the said George W. Stephenson came to him, the said Davis, in said county and State, and then and there unlawfully and feloniously solicited and induced him, the said Davis, to go to the said Joseph Hill, as a member of the common council aforesaid, and promise to

him, said Hill, for the purpose of influencing his behavior, vote and action in office, and the discharge of his official duty, if he, said Hill, would, as a member of said common council, at the meeting then about to take place, on the evening of the first Monday in June, 1880, cast his vote, as a member of such common council, for the election of him, the said Stephenson, to the office of school trustee of said school city of Muncie, he, the said Hill, would immediately thereafter receive a present, or a present of one hundred dollars, the affiant was not certain which, and that he, the said Davis, then and there conveyed to the said Hill and informed him of said unlawful, corrupt and felonious proposition from the said Stephenson; that at the meeting of said common council then about to assemble, to wit, on the first Monday of June, 1880, an election of school trustee as aforesaid took place, and was held in due form, and the said Stephenson received a majority of the votes of said common council for said office of school trustee, and was then and there declared duly elected to said office; that, at said election, the said Hill, as a member of said common council, cast his vote for the said Stephenson for the said office; that afterwards, on the — day of June, 1880, the said George W. Stephenson well knowing the premises, came to him, the said Davis, at said county and State, and then and there, in furtherance of his corrupt and felonious intent, and for the purpose of completing and carrying out the corruption in office of the said Hill, unlawfully and feloniously put into his, the said Davis's, hands a small package, containing money of value, but of what amount he, the said Davis, did not then know, but which he afterwards learned was of the value of one hundred dollars, with the unlawful direction, order and command that he, the said Davis, should deliver said package to the said Hill; that he, the said Davis, then and there went to the place of business of the said Hill, put said package of money in the pocket upon the person of him, the said Hill, and afterwards informed him, the said Hill, that said package of

money was sent by the said Stephenson, for the purpose and purposes aforesaid, which said sum of money the said Hill then and there received and kept.

Section 39 of the act of 1852, *supra*, provides, that " If any officer, entrusted with the administration of justice, or any person holding an office of trust or profit under the laws of this State, * * * * * or any member of any board of common council of any incorporated city, or trustee of any incorporated town in this State, shall take any money, gift, property or undue reward, to influence his behavior, vote, or action in office or discharge of official duty ; or any person who shall offer any money, gift, property, or undue reward to influence the behavior of such officer or member, shall on conviction thereof be fined in any sum not exceeding ten thousand dollars and be imprisoned in the State prison for any determinate period not exceeding ten years," to which ineligibility for a definite time shall be added.

The gist of the offence, evidently intended to be charged by the affidavit in this case, was the offer by Stephenson to Hill of a bribe to influence his, the said Hill's, vote as a member of the common council of the city of Muncie, and the question here is, did the facts set forth in the affidavit constitute such a charge within the meaning of the statute set out as above? We think they did not. It is a cardinal principle in criminal pleading, that reasonable certainty must be observed in charging the commission of a crime, and in that respect the affidavit appears to us to have been fatally defective. The allegation that Hill was induced to expect a present, or one hundred dollars in money, for his vote, left it entirely uncertain as to what was intended to be offered, and as to what Hill had reason to expect. If only a present, then both the nature and value of it were left to conjecture merely. The statute obviously contemplates that a distinct and well defined offer shall be alleged as well as proven, to make out a case of attempted bribery, and in that respect the affidavit was plainly not equal to the requirement of the statute. R. S. 1881, sec-

tion 1755. All that was charged in the affidavit as to the payment of money to Hill after the election of school trustee was, as against Stephenson, mere surplusage.

Other objections to the affidavit are suggested, but, as the judgment will in any event have to be affirmed, they need not be particularly referred to.

The judgment is affirmed.