UNITED STATES v. KESSEL (three cases).

(District Court, N. D. Iowa, E. D. June 4, 1894.)

Nos. 3,512, 3,513, and 3,517.

1. VIOLATION OF PENSION LAWS—BRIBERY—INDICTMENT.

A member of a board of examining surgeons is a person acting in behalf of the United States in an official capacity, under the pension office, which is an office of the government within the meaning of Rev. St. § 5501; and hence such member is subject to indictment under that section for receiving a bribe.

2. SAME.

An indictment under Rev. St. § 5501, charging that defendant, a member of a board of surgeons, did unlawfully ask a "gratuity, the nature of which is unknown," with intent to have his official action influenced, is bad, in that it fails to sufficiently inform defendant of what he is to meet in evidence.

These were indictments under the pension laws against George Kessel for accepting bribes to influence his official action as a member of a board of examining surgeons. Defendant demurred to the indictments.

Cato Sells, U. S. Dist. Atty., and M. D. O'Connell, for the United States.

Lyon & Lenehan, H. T. Reed, and W. H. Barker, for defendant.

SHIRAS, District Judge. The indictments in cases Nos. 3,512, 3,513, and 3,517 are based upon the provision of section 5501 of the Revised Statutes; and in cases Nos. 3,512 and 3,513 it is charged that the defendant, Kessel, did knowingly and unlawfully receive from the person named the sum of $10, with the intent to have his official decision influenced in a matter pending before him, he being a person acting on behalf of the United States government in an official function, as a member of a board of surgeons duly organized at Cresco, Howard county, Iowa, by the commissioner of pensions, which board and the defendant, as a member thereof, were acting under the authority of the office of the United States commissioner of pensions, and charged with the duty of examining persons prosecuting claims for pensions, or increase thereof, who might be ordered by the commissioner to appear before them, and to make a certificate and report of the results of such examination to the commissioner; it being also averred that the person from whom the money was received had a claim for pension pending, and had been ordered to appear before the board of surgeons for examination by the commissioner of pensions, and did so appear. The objections urged, that a member of a board of surgeons is not a person acting under any official capacity, and that the pension office is not an "office of the government," within the meaning of

section 5501, have already been passed upon in the cases just decided, and need no further attention. The indictments in cases 3,512 and 3,513 are sufficient in form and substance, and charge offenses within the meaning of section 5501, and the demurrers thereto are overruled.

In case No. 3,517 it is charged that the defendant did knowingly and unlawfully ask a gratuity, the nature of which is unknown to the grand jurors, with intent to have his official action influenced. Section 5501 provides for the punishment of every officer or person, acting on behalf of the United States, "who asks, accepts, or receives any money, or any contract, promise, undertaking, obligation, gratuity, or security, for the payment of money, or for the delivery or conveyance of anything of value, with intent," etc. The question arises whether the word "gratuity" is not limited by the words, "for the payment of money, or for the delivery or conveyance of anything of value," just the same as are the preceding and succeeding words in the sentence. Under this section it would not be sufficient to charge in an indictment that the defendant had asked a contract or a promise or an undertaking or an obligation, the nature of which was to the grand jury unknown. The indictment must show that the contract or promise or undertaking is for the payment of money, or for the delivery or conveyance of something of value; and I do not well see how any other construction can be applied to the word "gratuity," as it is used in this section. But, even if it were permissible to separate the word from the others in the sentence, I do not think the indictment would be held to be sufficient, in that it does not charge the nature of the gratuity, and the defendant is not informed of what he is to meet in evidence. It is not charged that the defendant asked a gratuity of money or of property, or of anything of value. Certainly, to secure a conviction under this section, it would have to be shown in the evidence that the defendant had asked a gift of something of value, or otherwise he would not have solicited a gratuity. The averment in the indictment is that the defendant asked a gratuity, the nature of which is to the grand jury unknown; and therefore it is not charged that the defendant asked a gratuity of money or of property, or of anything of any value whatever. If the asking in a given case was such as to leave it doubtful what was asked for, it might be charged in one count that it was a gratuity of money; in another, a gratuity of property; and, in another, a gratuity of something of value. And if the trial jury, from the mode of asking and the entire evidence, were satisfied that the defendant intended to ask either money, or some kind of property, or something of value, it might be that the indictment could be sustained, and a conviction could be had on some one of the counts. But when all that is charged is that the defendant asked a gratuity, of an unknown nature, I do not think sufficient is averred to bring the case within the section on which it is based, and the demurrer thereto must be, therefore, sustained.