## VALUE v. STATE.

### Opinion delivered November 4, 1907.

BRIBERY—INDICTMENT—SUFFICIENCY OF EVIDENCE.—Under an indictment of a school director for receiving "fifteen dollars, lawful money of the United States," to influence him to employ a certain person as school teacher, a conviction will not be sustained upon proof that he received five dollars for the purpose named, without showing what kind of money was received or that it was lawful "money of the United States."

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

*Nixon & Shaw,* for appellant.

Having charged the corrupt use of "silver and paper money," it devolved upon the State to prove the corrupt use

of one or the other. 68 Ark. 583; 60 Ark. 141; 58 Ark. 242; .71 Ark. 415; 62 Ark. 538.

William F. Kirby, Attorney General, and Dan'l Taylor, Assistant, for appellee.

There is a fatal variance between the allegations and the proof in this, that the indictment alleges the acceptance and receipt by appellant of "fifteen dollars, lawful money of the United States, paper money and silver money," etc., whereas the proof shows that he received "five dollars," without showing that it was either paper or silver money or money of the United States. 71 Ark. 415; 62 Ark. 538; 60 Ark. 141; 37 Ark. 443; Id. 445.

McCULLOCH, J. The defendant, Robert Value, appeals from a judgment of conviction for the crime of bribery under an indictment charging him, while being a school director of a certain district in Jefferson County, with having received a bribe of "fifteen dollars, lawful money of the United States," quoting from the indictment, "paper money and silver money of the value of fifteen dollars, to influence him, the said Robert Value, as such school director, to give his consent, support, influence and vote to the employment of said Geneva Lucas as a teacher," etc. The evidence adduced at the trial tended to show that the defendant received a bribe of five dollars, which was paid to him in money for the purpose named in the indictment; but there was no proof of the kind of money. The witnesses merely state that five dollars were paid to the defendant. This is relied on by counsel as a fatal defect in the proof, and is urged as grounds for reversal of the judgment. The Attorney General confesses error on this ground.

It has been held by this court that it is unnecessary in an indictment for larceny of money to describe it as "money of the. United States," but that, having alleged it was money of that kind, it must be proved as alleged. Marshall v. State, 71 Ark. 415. The same degree of certainty in the proof has been held to be necessary under indictments for embezzlement, for obtaining property under false pretenses and for burglary. Starchman v. State, 62 Ark. 538; Wilburn v. State, 60 Ark. 141; Treadway v. State, 37 Ark. 443.

In Blackwell v. State, 36 Ark. 178, involving an indictment

for unlawful sale of liquor within three miles of an incorporated institution of learning, it was held unnecessary to allege the fact of the incorporation of the institution; but, having so alleged, the State must prove it.

It is not essential, in an indictment for offering or receiving a bribe, to set forth a particular description of the money or other thing of value offered or received. *Leeper* v. *State,* 29 Tex. App. 154; *Watson* v. *State,* 39 Ohio St. 123; McClain on Crim. Law, § § 901-2. All that is necessary in that respect is that it should be described in general terms; but it is essential to the validity of the indictment that it should name the inducement for the official misconduct, for that is a part of the offense, and must be set forth in the indictment. 5 Cyc. p. 1043; *People* v. *Ward,* 110 Cal, 369; *State* v. *Howard,* 66 Minn. 309; *State* v. *Stephenson,* 83 Ind. 246; *United States* v. *Kessel,* 62 Fed. 57.

"It is necessary," says the Supreme Court of Minnesota in the case just cited, "to allege directly, and not by way of recital or argument, the official character or capacity of the person to whom the offer was made, * * * the name of the thing offered (if known), the fact that it was of value and that it was offered with intent to influence the official action of such person." *State* v. *Howard, supra.*

Now, it follows from what we have said, and from the authorities cited, that it was unnecessary to allege in the indictment that the money paid to the defendant was "lawful money of the United States, paper money and silver money;" but, having been so alleged, it must be proved.

Mr. Clark in his work on Criminal Procedure, p. 182, lays down the following rule, which seems to be fully sustained by the authorities, with reference to what may or may not be rejected as surplusage: "Care must always be taken to distinguish between averments which are either wholly foreign and immaterial, or which, though not wholly foreign, can be stricken out without destroying the accusation, and averments which, though they might have been omitted, enter into the description of the offense. If the whole averment may be rejected without injury to the pleading, it may be rejected; but it is otherwise with averments of essential circumstances stated with unnecessary particularity. No allegation, though it may have been un-

necessary, can be rejected as surplusage if it is descriptive of the identity of that which is legally essential to the charge. The application of the rule may often seem to defeat the ends of justice, but on the whole, the rule is a salutary one, and is too firmly established to be shaken or disregarded in particular cases."

In the crime of offering or receiving a bribe, the identity of the thing offered or received is the inducement for the unlawful act, and is a part of the crime itself. The allegation concerning the identity of the thing offered or received cannot be wholly rejected, but it falls within the rule laid down above, and must be sustained by proof.

We are therefore of the opinion that the proof fails to sustain the allegation of the indictment, and for this reason the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.

HILL, C. J., (dissenting). The indictment in this case charges that the defendant was bribed with "paper money and silver money of the value of $15.00." The State proves that he was bribed with $5.00, without proving the kind of money. The Attorney General confesses error, and the majority of the court sustain that confession, and I dissent.

It was unnecessary to allege the kind or quantity of money or thing of value used as a bribe. It was merely necessary to allege that some money or thing of value was used as a bribe. *Leeper* v. *State*, 29 Tex. Cr. App. 154; *Watson* v. *State*, 29 Ohio St. 123. This is conceded in the majority opinion.

The question then narrows to whether the unnecessary allegation as to the kind of money is required to be proved. The rule as to what is surplusage and what is material is stated by Mr. Clark in the quotation followed in the majority opinion, and is stated more clearly in the Encyclopaedia of Pleading & Practice as follows:

"Where the offense is charged with unnecessary minuteness or particularity, all the facts alleged which are descriptive of the offense must be proved with the minuteness and particularity alleged; because such minute details and particulars have been made essential, although, if the averments be of mere facts which might have been omitted without detriment to the indict-

ment, they may be considered as surplusage, and a variance therefrom will not be fatal." 22 Enc. Plead. & Prac. 557-8.

This allegation of the kind of money used as a bribe might have been omitted without detriment to the indictment, and therefore its presence in the indictment is a mere surplusage, and a variance from such surplusage in the indictment and the proof is not fatal.

If the rule is properly applied, then the variance here is not material, and such has been the holding in every bribery case in the United States where a variance is claimed upon an unnecessary allegation, as here; in all cases the variances in proof from unnecessary matter in indictment have been held immaterial. *State* v. *Meysenburg,* 71 S. W. 229; *Diggs* v. *State,* 49 Ala. 311; *Commonwealth* v. *Donovan,* 170 Mass. 228.

And on a similar question a variance was held immaterial in a strong opinion in *Johnson* v. *People,* 84 Pac. 819, where the authorities on the subject are fully reviewed.

This case will be the first bribery case following a rule which should be "more honored in the breach than in observance." Even if the rule invoked is applied, then the variance, while erroneous, is not prejudicial error, according to modern judicial thought upon the subject. The modern rule on the subject of variance is thus stated: "A variance is not now regarded as material unless it is such as might mislead the defense, or might expose the accused to the danger of being put twice in jeopardy for the same offense." 3 Rice on Crim. Ev. § 121.

Again it is said: "The strict technical rules formerly governing this subject have been greatly relaxed, if not altogether abrogated, by statutory enactment or by the liberal spirit of the modern courts of criminal jurisdiction. In determining whether a variance is material, the question to be decided is, does the indictment so far fully and correctly inform the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense? If this be not so, then the variance is material, and the State, having failed to prove the crime in substance as it is alleged, the acquittal of the accused should be directed." Underhill on Cr. Ev. 41.

That this is the modern doctrine upon the subject is thoroughly established.  22 Enc. Plead. & Prac. 551; *Harris* v. *People,* 64 N. Y. 148; *Johnson* v. *People*, 84 Pac. 819.

The application of this rule to the case at bar would dispose of this variance as immaterial and trivial.  It cannot be seriously contended that a conviction in this case would not sustain a plea of former conviction to a second prosecution for the bribery alleged here.  If there could be any doubt on that subject, the Criminal Code has removed it by section 2415 of Kirby's Digest.

Certain Arkansas cases are referred to in the opinion of the majority as sustaining the conclusions reached by them. The first is *Marshall* v. *State*, 71 Ark. 415.  This was a larceny case, and there is a material distinction to be made between a description of money stolen, which is the crime itself, and a description of money which is but an incident to the crime.  In one case, it is the taking of the money that is the whole crime; and in the other case the taking of the money is but a step in the consummation of the crime.

The next case is *Starchman* v. *State*, 62 Ark. 538.  This is a burglary case.  The charge was that the defendant broke into a house with intent to steal 2,500 two-cent postage stamps. The court said that the evidence connecting the defendant with the breaking and entering the house was not very convincing, and then proceeded to discuss the weakness of the evidence, and said that it was probably unnecessary to describe the property which the burglar intended to steal with the particularity shown in the indictment; but that, having made allegations descriptive of the property and of the offense, there must be proof tending to support them, and cited *Dudney* v. *State, 22* Ark. 251, a case arising ten years before the Criminal Code was adopted.

The next case was *Wilburn* v. *State,* 60 Ark. 141, a false pretense case.  There was an allegation of a certain kind of money, and also of molasses, flour, meat and corn, obtained by reason of false pretenses; and there was a failure to prove the articles of personal property named were obtained and to identify the money secured with the minuteness named in the indictment. It was properly held that there was a variance, as the defendant may well have been misled in his defense where he was charged

with obtaining all these articles, and the proof tended to sustain some of the articles named and other articles not named, as well as a failure to prove the kind of money obtained.

The next case is that of *Treadaway* v. *State,* 37 Ark. 443. That decision was merely that an indictment for receiving money by false personification should describe the money with the same particularity as an indictment for larceny. That case does not reach to the point at issue here at all.

The last case cited is *Blackwell* v. *State,* 36 Ark. 178. In this case the indictment contained the unnecessary allegation that an academy within three miles of which whisky was sold was incorporated, and the evidence failed to prove incorporation. This decision is directly in the teeth of section 2229 of Kirby's Digest, which is as follows: "No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." And also of section 2605, providing that a conviction shall only be reversed for errors of law to the defendant's prejudice appearing upon the record, such errors as are prejudicial being therein enumerated. These sections are part of the Code provisions to which Underhill referred which have caused the change from the ancient technical rules prevailing in criminal procedure, and have enabled the courts to get away from technicalities which have so retarded the proper administration of justice.

I do not think it is necessary to overrule the Marshall, Wilburn and Starchman cases, as they can be distinguished for the reasons above indicated. But if they do call for the decision in this case made by the majority, then they should be overruled, for such a decision is at war with the above quoted sections of the Criminal Code, and with many decisions of this court, as well as the weight of authority elsewhere.

For instance: A technical rule of criminal procedure, of really more merit than this one, was invoked in *Hayden* v. *State,* 55 Ark. 342, and Chief Justice COCKRILL, speaking for the court, said: "To disregard the trial then, and say there was nothing to try because without a plea there was no issue, and without an issue there could be no trial, would be to sacrifice the truth for a system of casuistry which was originally

resorted to by the courts only to avoid the bloody consequences of the enforcement of the criminal code of a prior century. The necessity for such niceties of reasoning has passed away. The statute, moreover, prescribes that a judgment of conviction for a felony shall be reversed only for an error to the defendant's prejudice appearing upon the record. Mansf. Digest, § 2454. See, too, *Cline* v. *State,* 51 Ark. 145. The defendant has made no suggestion of any prejudice resulting from the failure to make a record entry of his plea, none appears upon the record, and we are unable to conceive that any exists. Knowing, doubtless, of the formal defect in the record, he has taken the chance of an acquittal which would have barred further prosecution. The conviction will have the same effect."

In the case of *Lee* v. *State,* 73 Ark. 148, referring to the Hayden case, Mr. Justice RIDDICK said: "This was a well-considered case, and the principle announced is far-reaching; for it shows that the statute applies to all formal objections, such as the absence of a plea or a seal when the objection is made after trial, and that it forbids a reversal for such formal defects where no prejudice resulted. The purpose of the statute was to obviate the necessity of reversing judgments of conviction on account of mere errors of form which do not affect the substantial rights of the defendant."

Cases could be multiplied to this same effect; and it is a pity that one more along the same lines is not added here.