## CARLETON v. STATE.

### Opinion delivered June 11, 1917.

LIQUOR—ILLEGAL SALE—DESIGNATION OF ARTICLE SOLD IN INDICTMENT.—An indictment charged the unlawful and felonious sale of "two pints of alcoholic, ardent, liquors and intoxicating spirits, called Buk * * * ." *Held,* having used it in the indictment, that the word "Buk" became descriptive of the offense, and must be proved as charged; and that there being no proof of the sale of Buk, and none that Buk was an intoxicating or alcoholic drink, that a judgment of conviction would be reversed.

Appeal from Prairie Circuit Court, Northern District; *Thomas C. Trimble,* Judge; reversed.

*Emmet Vaughan,* for appellant.

The defendant was indicted for selling Buk and tried and convicted of selling beer. There was no proof that he sold Buk, nor that it was intoxicating. 85 Ark. 195; 60 *Id.* 141; 64 *Id.* 188; 37 *Id.* 408; 36 *Id.* 178; 91 Ala. 47; 50 Ind. 55; 38 Ark. 660. The word used was descriptive of the offense, and must be proved as charged.

22 Cyc. 461; 69 Miss. 395; 73 *Id.* 784; 91 Ala. 47; 50 Ind. 555; 84 Ark. 285; 62 *Id.* 459.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

It is wholly immaterial what the name of the liquor was, so long as it was intoxicating. 121 Ark. 258.

The courts of Arkansas take judicial knowledge that beer is an intoxicating liquor, and such is the holding in most of the States. 72 Ark. 19; 58 Wis. 39; 93 Ind. 251; 32 Kans. 477; 54 Minn. 105; 21 S. W. 974; 54 Fed. 138; 90 Ala. 647; 44 Mo. App. 81.

SMITH, J. Appellant was convicted under an indictment which charged that "on the 5th day of July, A. D. 1916, he did unlawfully and feloniously sell, and was unlawfully and feloniously interested in the sale of two pints of alcoholic, ardent, liquors and intoxicating spirits, called Buk, against the peace and dignity of the State of Arkansas."

The cause was tried upon the theory that appellant had made a sale of beer and had been indicted for that crime.

Among other instructions asked by appellant and refused by the court, was an instruction numbered 3, which reads as follows:

"You are instructed that before you can find the defendant guilty, you must find from the evidence that the beer in question was intoxicating."

In the general charge, the court told the jury that appellant was charged with the crime of selling beer, and that "under the laws of the State of Arkansas, at the time this indictment was found, and since the first day of January, 1916, it was unlawful to sell beer or whiskey of any kind in the State of Arkansas, and if anyone is guilty of that, the punishment has been fixed by the Legislature at one year in the penitentiary. * * *"

This instruction was given upon the assumption that appellant was charged with the crime of having sold

beer. But the indictment does not so charge. Its allegation is that he sold Buk, and the court does not judicially know that this beverage is intoxicating. And the proof does not so show. Indeed, the jury was not required to so find, for an instruction requiring the jury to find that the beer alleged to have been sold was intoxicating was refused, and the court told the jury that the penalties of the law were denounced against one who sold beer. It appears, from statements contained in the briefs, that in Des Arc, where the crime was alleged to have been committed, and at about the time of its alleged commission, there was on sale a beverage known as Buk, and it is argued that, inasmuch as appellant and his counsel understood the charge was for selling beer, and the proof sustained that charge, it is immaterial that the beverage sold was denominated Buk in the indictment. It is true the proof on the part of the State was to the effect that appellant had sold beer and the cause was tried upon the theory that he had been indicted for that crime. But he can legally be convicted only for the crime charged in the indictment, and there was no proof that Buk was an alcoholic or intoxicating drink, and it was no crime to sell it unless it was.

It is urged, however, that the indictment need not have alleged the name of the beverage sold and that it is, therefore, immaterial that it was erroneously designated Buk, instead of beer, and it is said that this is the effect of our decision in the case of *Seibert* v. *State,* 121 Ark. 258. We there said, in the case cited, that, if the liquor sold was intoxicating, it would make no difference what its name was. But it appears, from the statement of facts in that case that the indictment did not allege the name of the beverage sold further than to recite that it was an "ardent, vinous, malt, fermented, spirituous, alcoholic and intoxicating liquor," and we said that, as the indictment alleged that the liquor sold was an intoxicating drink, it would make no difference what its name was. But we did not there say that it would have been

sufficient to have alleged the name of one drink and have proved another. Here the pleader has elected to charge the sale of "intoxicating spirits, called Buk." The word "Buk" becomes descriptive of the offense, and must be proved as charged. *Bryant* v. *State*, 62 Ark. 459; *Value* v. *State*, 84 Ark. 285, 286; *Marshall* v. *State*, 71 Ark. 415; *Adams* v. *State*, 64 Ark. 188; *Thompson* v. *State*, 37 Ark. 408; *Blackwell* v. *State*, 36 Ark. 178; *Reed* v. *State*, 16 Ark. 499.

There being no proof of the sale of Buk, and none that Buk was an intoxicating or alcoholic drink, the judgment of conviction must be reversed and the cause will be remanded for a new trial.