## WALD *v.* STATE.

## Opinion delivered November 18, 1918.

1. INTOXICATING LIQUORS—EVIDENCE.—Evidence *held* to sustain a conviction of unlawfully manufacturing vinous, malt, spirituous and alcoholic liquors.

2. SAME—INSTRUCTION.—Where defendant was charged with the unlawful manufacture of malt, spirituous and alcoholic liquors and compounds thereof commonly called tonics and bitters and medicated liquors or choc beer, defendant can not complain on appeal that the court failed to charge that the brew in question must be proved to be "choc beer" if he made no specific objection to the instruction given and failed to ask an instruction to that effect.

3. SAME—ADMISSIBILITY OF EVIDENCE.—In a prosecution for unlawfully manufacturing alcoholic liquors, it was not error to permit the State to prove the manufacture of such liquor on several occasions.

4. SAME—SUFFICIENCY OF INDICTMENT.—An indictment for unlawfully manufacturing alcoholic liquors is sufficient which alleges the offense in the language of the statute, and in terms sufficient to advise defendant of the charge he is called upon to meet.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Sid White,* for appellant.

1. The demurrer should have been sustained. The State should have been required to elect which offense it would rely upon for conviction. 22 Cyc. 407; 197 S. W. 998; 199 *Id.* 382.

2. The indictment charges two separate offenses. The motion to elect should have been sustained. 204 S. W. 848.

3. It was error to permit testimony as to other kegs of beer than the one charged in the indictment. 197 S. W. 998; 179 *Id.* 846; 199 *Id.* 382; 155 *Id.* 939; 158 *Id.* 1133; Wharton on Cr. Ev. (10 ed.), vol. 1, pp. 59-55-208; 3 S. W. 753; 196 S. W. 124.

4. There is an utter failure of proof to support the verdict. 75 Ark. 468.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The demurrer was properly overruled. The indictment follows the language of our statute and is sufficient. 135 Ark. 243.

2. The State is not limited to proof of a single violation of the law, but proof may be made of any violation within the period of limitation. 127 Ark. 289; 130 *Id.* 322; *Mobley* v. *State,* 135 Ark. 475.

3. There is no error in the instructions and the evidence is sufficient.

4. An assignment of error can not be reviewed here unless the record upon which it is based is set forth in the bill of exceptions. 131 Ark. 445.

SMITH, J. Appellant was tried and convicted under the following indictment:

"The grand jury of Logan County and Northern District, in the name and by the authority of the State of Arkansas, accuse Henry Wald of the crime of manufacturing liquor committed as follows: The said Henry Wald on the 1st day of July, 1918, in the county and district aforesaid, unlawfully and feloniously did manufacture and was interested in manufacturing vinous, malt, spirituous and alcoholic liquors and compounds thereof commonly called tonics and bitters and medicated liquor or 'Choc Beer.' Against the peace and dignity of the State of Arkansas."

A general demurrer to the indictment was filed and overruled.

The testimony on behalf of the State tended to show that appellant had on more than one occasion assisted in brewing an intoxicating drink, and appellant moved that the State be required to elect upon which particular instance the prosecution would rely for a conviction. This motion was overruled, and exceptions duly saved.

Among other instructions given was one that told the jury that "if you find from the evidence beyond a reasonable doubt that the defendant, Henry Wald, manufactured or made any kind of alcoholic liquors or beverages containing any quantity of alcohol, if you find that, it will

be your duty to convict the defendant." A general objection was made to this instruction, and exceptions saved to the action of the court in giving it. It is also insisted that the proof failed to sustain the allegations of the indictment.

Disposing of the last assignment of error first, it may be said that one Dewey Moseley testified that at some time in the month of June, prior to the trial, witness was at the home of Frank Duerr, his brother-in-law, and while there drank some choc beer, which Duerr and appellant told him they had made, and he saw the mix up which they had, consisting of malt or brew, and that they gave witness some of this brew in a bucket. That Duerr and appellant were drunk, and witness got drunk on the beer himself. A large number of witnesses testified and portions of this testimony not only corroborated the witness Moseley, but tended to show that Duerr and appellant had made a similar beer on other occasions. The testimony was conflicting as to the intoxicating effect of the liquor, and some witnesses testified that the beverages which they drank were not what they would call choc beer.

The objection to the instruction set out above is that the indictment had made the term, "choc beer," descriptive of the offense, and the jury should, therefore, have been told not to convict except upon a finding that the brew in question was choc beer. The case of *Carleton* v. *State,* 129 Ark. 361, is cited in support of this contention. But we think the objection now urged should have been specifically made at the trial. No such objection was then made, nor was any instruction asked which told the jury that it must first be found that the brew was called choc beer. The case of *Carleton* v. *State, supra,* was reversed because of the refusal of the court to give an instruction which reads as follows: "You are instructed that before you can find the defendant guilty, you must find from the evidence that the beer in question was intoxicating." The indictment in that case alleged the sale of an intoxicating drink called buck, and we said that the courts did not judicially know that this was an intoxicating drink,

and that the jury should, therefore, have been told that a conviction could not be had unless the drink sold was an intoxicating one. The instruction given in the instant case, which is set out above, required a finding that the drink was alcoholic. The instruction here given was in effect the one refused in the Carleton case, *supra*, and, if appellant wanted to make the point that the name "choc beer" had been made descriptive of the offense, he should either have objected specifically to the instruction on that ground or should have asked an instruction which raised that question.

The point chiefly and earnestly relied upon is that the court should have limited the State to a single act of making the brew, and should not have allowed the jury, in making up the verdict, to consider the testimony relating to other instances when the brew was made other than the one to which they were told to confine their consideration. We have held, however, in a number of cases of prosecutions for the sale of intoxicating liquors that the proof upon the part of the State need not be confined to a single sale, but that the State, if it elects so to do, may offer proof of more than one sale to secure a single conviction, thereby barring a subsequent prosecution for the making of any of the sales offered in proof upon which the State relied to secure the conviction. *Mason* v. *State*, 127 Ark. 289; *Dean* v. *State*, 130 Ark. 322; *Mobley* v. *State*, 135 Ark. 475; *Larkin* v. *State*, 131 Ark. 445; *Turner* v. *State*, 130 Ark. 48; *Ketchum* v. *State*, 125 Ark. 275.

We perceive in principle no difference between the act of making an intoxicating liquor and the act of selling it, and no prejudice resulted from the admission of this evidence.

The demurrer to the indictment was properly overruled. It charges the offense alleged to have been committed in the language of the statute, and in terms sufficient to advise appellant of the charge he was called upon to meet. *Gramlich* v. *State*, 135 Ark. 243.

No error appearing, the judgment is affirmed.