UNITED STATES v. SCHLIERHOLZ.

(District Court, E. D. Missouri, E. D. November 18, 1904.)

No. 5,106.

1. EXTORTION—OFFICERS OF UNITED STATES SUBJECT TO PROSECUTION—SPE-
CIAL AGENT OF LAND OFFICE.

A special agent of the General Land Office, whether appointed by the
Secretary of the Interior or by the Commissioner of the General Land
Office, is not an officer of the United States within the meaning of article
2, § 2, of the Constitution, or of Rev. St. § 5481 [U. S. Comp. St. 1901, p.
3701], providing for the punishment of "every officer of the United States
who is guilty of extortion under color of his office," and is not subject to
indictment and prosecution under said section.

On Demurrer to Indictment.

D. P. Dyer, Dist. Atty., for the United States.
Brizzolara, Fitzhugh & Hellshear, for defendant.

ADAMS, District Judge. The indictment charges that on the 10th
day of September, 1901, the accused "was an officer of the United
States, to wit, a special agent of the General Land Office, duly appoint-
ed, qualified, and acting as such," and that under color of his office as
such special agent he extorted a large sum of money from the Monroe
Lumber Company, in violation of the provisions of section 5481 of the
Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3701].
This section is as follows:

"Every officer of the United States who is guilty of extortion under color
of his office shall be punished by a fine of not more than five hundred dollars,
or by imprisonment not more than one year, except those officers or agents of
the United States otherwise differently and specially provided for in subse-
quent sections of this chapter."

A demurrer interposed to this indictment raises the question whether
a special agent of the General Land Office is an officer within the mean-
ing of the statute just referred to. Article 2, § 2, of the Constitution
of the United States ordains:

That the President "shall nominate, and by and with the advice and consent
of the Senate, shall appoint ambassadors, other public ministers and consuls,
judges of the Supreme Court, and all other officers of the United States, whose
appointments are not herein otherwise provided for, and which shall be estab-
lished by law: but the Congress may by law vest the appointment of such
inferior officers, as they think proper, in the President alone, in the courts of
law, or in the heads of departments."

In the case of United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482,
the Supreme Court of the United States had under consideration the
section of the statutes now involved in this case, and had occasion to
consider and determine who are embraced within the term "officer" as
therein employed. After calling attention to the provisions of the
Constitution just quoted, Mr. Justice Miller, speaking for the court,
said:

"This Constitution is the supreme law of the land, and no act of Congress
is of any validity which does not rest on authority conferred by that instru-

ment. It is therefore not to be supposed that Congress, when enacting a criminal law for the punishment of officers of the United States, intended to punish any one not appointed in one of those modes. If the punishment were designed for others than officers as defined by the Constitution, words to that effect would be used, as 'servant,' 'agent,' 'person in the service or employment of the government.' "

It is not contended that the position of special agent of the General Land Office falls within the category of offices to be filled by Presidential appointment, but it is contended that this position is an inferior office created by Congress, to be filled by the head of the Department of the Interior. It is not contended that Congress has ever in express terms created this office, or in express terms imposed the duty of filling it upon the Secretary of the Interior; but it is contended that the duty is so imposed upon the Secretary of the Interior by necessary implication arising from the general character of the duties imposed upon him, and that the averment of the indictment to the effect that he was duly appointed is, in legal effect, an averment that he was directly or indirectly appointed by the Secretary of the Interior. It therefore becomes necessary to examine the legislation of Congress on this subject, for the purpose of ascertaining whether the position of special agent of the General Land Office has been made an office so as to constitute the incumbent an officer of the government within the meaning of the Constitution, or whether, on the other hand, it has been made a mere agency or employment, thereby constituting the incumbent an agent or employé of the government. The General Land Office is one of the working subdivisions of the Department of the Interior. The statutes (sections 446–451, Rev. St. [U. S. Comp. St. 1901, pp. 255–257]) provide for the appointment by the President of the several officers of the General Land Office, amongst them a commissioner, assistant commissioner, recorder, and certain secretaries. The Secretary of the Interior (by section 441, Rev. St. [U. S. Comp. St. 1901, p. 252]) is charged with the general supervision of public business relating to public lands, and the Commissioner of the General Land Office (by section 453 [U. S. Comp. St. 1901, p. 257]) is required "to perform under the direction of the Secretary of the Interior all executive duties appertaining to the surveying and sale of the public lands of the United States, or in any wise respecting such public lands." These general executive and supervising duties are required by law to be performed by officers. But there are a large number of duties involving the detail work of enforcing the laws relating to the public lands—such as the stone and timber act of June 3, 1878, c. 151, § 1, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545], as amended and enlarged by the act of August 4, 1892, c. 575, § 2, 27 Stat. 348 [U. S. Comp. St. 1901, p. 1547]—and a large number of clerical duties necessary in the conduct of the General Land Office, which require the employment of divers agents and clerks. Industrious counsel have not pointed out any express statutory authority for the employment of such agents and clerks, and I, in my independent investigation, have not been able to find any such, but that such authority exists by necessary implication I have no doubt. The duty imposed by law upon the Secretary of the Interior to have supervision over public lands, and the duty imposed by law upon the Commissioner of the

General Land Office to perform all the duties appertaining or in any wise respecting such public lands, under the general supervision of the Secretary of the Interior, necessarily requires these officers to act by and through the agency of others. Many of their duties, necessarily delegated, may well be performed by minor agents, special employés, or servants. The right to employ these agents is incidental to the obligation to enforce the law. Gratiot v. United States, 15 Pet. 370, 10 L. Ed. 759; United States v. Fillebrown, 7 Pet. 43, 8 L. Ed. 596; United States v. Germaine, supra. For a full and instructive consideration of this subject, reference may be had to the opinion of the First Comptroller in the Meigs Case, found in volume 4, First Comptrollers' Decisions, pp. 588, 602, etc.

The existence of the distinction between officers and agents of the kind just considered is frequently recognized in the statutes and in their judicial interpretation. For instance, section 452 [U. S. Comp. St. 1901, p. 257], immediately following the authorization of the President to appoint certain officers of the General Land Office, enacts as follows: "The officers, clerks and employees in the General Land Office are prohibited," etc. Here is found a legislative assumption that there must be and are clerks and other employés of the General Land Office, and the specification of them after the word "officers" clearly indicates that Congress did not intend that they should be comprehended within that term, or that they should be officers of the General Land Office, within the meaning of the constitutional provisions already referred to. In the case of United States v. Germaine, supra, it is said that a person "may be an agent or employé working for the government and paid by it, as nine-tenths of the persons rendering service to the government undoubtedly are, without thereby becoming its officer."

As evidence that Congress deems special agents of the kind involved in this case to be servants or employés, and not officers, reference may be had to many, if not all, of the appropriation acts whereby money has been appropriated by Congress to meet the expenses of protecting timber and the public lands. It is in these appropriation acts only that the existence of "special agents of the General Land Office" has received legislative recognition, and, when so recognized, it is found they are invariably classified as employés. For instance, the deficiency appropriation act of June 16, 1880, c. 234, 21 Stat. 238, 246, under the heading "Public Lands Service," reads as follows:

"For the settlement of the accounts of receivers of public moneys for expenses incurred in examination of timber depredations, under the act of June third, eighteen hundred and seventy-eight, and for expenses of 'special agents' *employed* by the General Land Office for the suppression of depredations upon timber on the public lands, fifteen thousand five hundred dollars, or so much thereof as may be necessary."

So in the appropriation act approved June 4, 1897, c. 2, 30 Stat. 32, under the heading, "Depredations on Public Timber," after specifying the sum appropriated, is found the following: "Provided that agents and others *employed* under this appropriation shall be allowed," etc. In like manner, in the appropriation act approved August 5, 1892, c. 380, 27 Stat. 349, 368, concerning the depredations on public timber and

protecting public lands, the words, "agent and others *employed* under this appropriation," etc., are used.

The foregoing considerations are sufficient to indicate that Congress has invariably classified agents of the General Land Office of the kind now under consideration as employés, and not as officers. They are agents or employés, so far as appears from any legislative recognition, with no fixed tenure of service, no fixed emolument, and no fixed duties. Persons of such precarious and uncertain standing in the government service are not, in my opinion, officers of the government within the meaning of the constitutional provision or the criminal statute already adverted to.

The foregoing observations are made on the theory of counsel for the government, namely, that the indictment charges in legal effect that the accused was duly appointed by the Secretary of the Interior to the position of special agent as charged. Even if he was so appointed by the head of the Interior Department, it is clear from what has preceded that he was not appointed as an officer, but as one of the many inferior clerks, agents, servants or other employés incidentally necessary for the performance of the great detail work of the Land Office. If it should turn out that the accused was in fact appointed by the Commissioner of the General Land Office, without any participation by the head of the Department of the Interior, as the certificate brought to my attention at the argument indicates, it is the settled law, as I read the case of United States v. Germaine, supra, that he could not be an "officer" within the meaning of section 5481 [U. S. Comp. St. 1901, p. 3701], under which he is indicted.

The demurrer must be sustained.