## UNITED STATES v. VAN WERT.

### (District Court, N. D. Iowa, E. D. March 28, 1912.)

### No. 4,149.

1. BRIBERY (§ 1*)—STATUTORY OFFENSE—"OFFICER OF THE UNITED STATES"—"UNITED STATES OFFICER."

   Under Const. art. 2, § 2, providing for the appointment of officers of the United States, an "officer of the United States," within Pen. Code, § 117 (Act March 4, 1909, c. 321, 35 Stat. 1109 [U. S. Comp. St. Supp. 1911, p. 1623]), punishing the acceptance of bribes by any officer of the United States, is one who is either appointed by the President by and with the advice and consent of the Senate, or by the President alone, the courts of law, or heads of some executive department of the government, and a special officer appointed by the Commissioner of Indian Affairs for the suppression of the liquor traffic among the Indians, is not an "officer of the United States."

   [Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*

   For other definitions, see Words and Phrases, vol. 8, p. 7184.]

2. STATUTES (§ 241*)—PENAL STATUTES—CONSTRUCTION.

   Pen. Code, § 117 (Act March 4, 1909, c. 321, 35 Stat. 1109 [U. S. Comp. St. Supp. 1911, p. 1623]), punishing any officer of the United States accepting a bribe to influence official action, is highly penal and must be construed at least with reasonable strictness, and unless the act charged to have been done by accused is a violation of some act of Congress or some departmental rule or regulation authorized by Congress, the violation of which is declared by it to be an offense, no crime has been committed.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. § 241.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** INDICTMENT AND INFORMATION (§ 110*)—STATUTORY OFFENSE—REQUISITES.

It is not sufficient to charge an offense in the words of a statute creating the offense, unless they of themselves directly and with the requisite certainty set forth every essential fact necessary to constitute an offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

**4.** BRIBERY (§ 1*)—INDICTMENT—REQUISITES.

An indictment for bribery, alleging that accused had been appointed by the Commissioner of Indian Affairs as a special officer for the suppression of the liquor traffic among Indians; that he was called on to assist in procuring testimony for the conviction of persons unlawfully selling liquor to Indians and to assist in securing their punishment; that three persons had been convicted of selling liquor to the Indians; that the presiding judge and district attorney had announced that the sentence of fine and imprisonment imposed on them would not be changed unless recommendation to that effect was made by the Bureau of Indian Affairs; and that accused accepted a bribe of $75 to influence him in his official action to recommend to his superior officer that the sentences should be changed—does not charge a violation of Pen. Code, § 117 (Act March 4, 1909, c. 321, 35 Stat. 1109 [U. S. Comp. St. Supp. 1911, p. 1623]), punishing bribery, since no act of Congress or rule of the Department of the Interior adopted under the authority of Rev. St. §§ 161, 463, 465 (U. S. Comp. St. 1901, pp. 80, 262, 264), imposed on such official any duty in making recommendations as to punishments, though accused was employed under the acts of Congress making appropriations to enable the Commissioner of Indian Affairs to suppress the liquor traffic among the Indians, since one cannot be convicted of accepting a bribe to influence his official action on a matter not required of him by law.

[Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

Everett E. Van Wert was indicted for bribery. Demurrer to indictment sustained.

H. J. Bone, Sp. Asst. U. S. Atty.

S. C. Huber, for defendant.

REED, District Judge. The defendant, Everett E. Van Wert, is charged by this indictment with having accepted a bribe in violation of section 117 of the Penal Code.

Omitting its formal parts, the indictment charges, in substance, that on and prior to May 30, 1910, the defendant was acting for and on behalf of the United States in an official function under the authority of the Department of the Interior, having been theretofore duly appointed by the Commissioner of Indian Affairs, as a special officer for the suppression of the liquor traffic among Indians, and in the performance of his lawful duties as provided by the rules and regulations of said department, was called upon and required to assist in procuring testimony for the trial and conviction of persons who should unlawfully sell liquor to Indians, and assist in securing their punishment without partiality or favor and without violating or betraying the confidence reposed in him concerning the administration of public justice; that in April, 1909, certain persons, naming them, were indicted in this court for selling liquor to Indians in violation of law; and that each of said persons upon being arraigned pleaded guilty to such offense, and was adjudged to pay a fine of $100 and

costs, and be imprisoned for 60 days, and until the fine and costs were paid. It is then alleged:

"That before any of the aforesaid sentences were enforced or executed, and while the said court was holding in abeyance the execution of said sentences in order to give said convicted persons an opportunity to obtain from the office or officers of the Bureau of Indian Affairs a recommendation for leniency, and after the judge of said court and the United States attorney in and for said district had both stated and announced that the aforesaid sentences of imprisonment of said persons would not be commuted or changed unless a recommendation to that effect was made by the office or officers of the Bureau of Indian Affairs, one W. N. Birdsall, who was then and there and theretofore had been attorney for said indicted persons, did, on or about the 30th day of May, in the year 1910, within the jurisdiction of said court, unlawfully, willfully, corruptly, and feloniously offer and give and cause to be given the sum of $75 lawful money of the United States, to the defendant, Everett E. Van Wert, who was then and there, as he the said W. N. Birdsall then well knew, a person acting for and on behalf of the United States in an official function under and by authority of the Department of the Interior of the United States as aforesaid, with the intent then and there of him, the said W. N. Birdsall, to unlawfully, willfully, feloniously, and corruptly influence the action of the said Everett E. Van Wert on a matter then and there pending before him in his official function and capacity as aforesaid; that is to say, in reporting and recommending and causing to be recommended to his superior officer, to wit, the Commissioner of Indian Affairs, that said persons who had pleaded guilty to the offenses of unlawfully selling liquor as aforesaid be not placed in prison, and that said sentences of imprisonment of said persons who had pleaded guilty as aforesaid be commuted to a fine without imprisonment. The said Everett E. Van Wert then and there well knowing the purpose of said gift as aforesaid then and there offered and given to him by the said W. N. Birdsall, then and there in said district unlawfully, willfully, feloniously, and corruptly did take, accept, and receive said sum of $75 from the said W. N. Birdsall with the intent and for the purpose aforesaid, contrary to the statutes in such case made and provided, etc."

To this indictment the defendant demurred upon the ground that it charges no offense.

The indictment is based upon section 117 of the Penal Code, which reads in this way:

"Sec. 117. Whoever, being an officer of the United States, or a person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or office of the government thereof; * * * shall ask, accept, or receive any money, or any contract, promise, undertaking, obligation, gratuity, or security for the payment of money, or for the delivery or conveyance of anything of value, with intent to have his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, influenced thereby, shall be fined not more than three times the amount of money or value of the thing so asked, accepted, or received, and imprisoned not more than three years; and shall, moreover, forfeit his office or place and thereafter be forever disqualified from holding any office of honor, trust, or profit under the government of the United States."

[1] It is not alleged that defendant is or was an "officer of the United States" within the meaning of this section, nor could it well be, for such an officer is one who is either appointed by the President by and with the advice and consent of the Senate, or by the President alone, the courts of law, or the head of some executive department of the government. U. S. Constitution, art. 2, § 2; United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482; Martin v. United States,

168 Fed. 198–203, 93 C. C. A. 484; United States v. Schlierholz (D. C.) 133 Fed. 333.

Was the defendant "acting for or on behalf of the United States in any official capacity under or by virtue of the authority of any department of the government" in recommending to the Commissioner of Indian Affairs that the sentence of imprisonment of the convicted persons be commuted, and that they be not imprisoned?

[2] The offense denounced by the section above quoted is highly penal and must be construed with reasonable strictness at least; and unless the act charged to have been done by the defendant is a violation of some act of Congress, which declares such act to be an offense, or of some departmental rule or regulation authorized by Congress, the violation of which is declared by Congress to be an offense, no crime has been committed. United States v. Eaton, 144 U. S. 677–688, 12 Sup. Ct. 764, 36 L. Ed. 591; Williamson v. United States, 207 U. S. 425–461, 28 Sup. Ct. 163, 52 L. Ed. 278; United States v. Grimaud, 220 U. S. 506–520, 31 Sup. Ct. 480, 55 L. Ed. 563.

[3] Nor is it sufficient to charge the offense in the words of the statute, unless those words of themselves directly and with the requisite certainty set forth every essential fact necessary to constitute the offense denounced by the statute. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.

[4] The indictment alleges that the defendant had been duly appointed by the Commissioner of Indian Affairs, as a "special officer" for the suppression of the liquor traffic among Indians, and in the performance of his duties, "as provided by the rules and regulations of said department," was called upon and required to assist in procuring testimony for the trial and conviction of persons who should unlawfully sell liquors to Indians, and to assist in securing their punishment, etc. The extent of the authority and duty of the defendant, so far as it is alleged by this indictment, was to assist in procuring testimony for the trial and conviction of persons who should unlawfully sell liquors to Indians, and assist in securing their punishment without partiality, etc. It is not alleged that the defendant procured or assisted in procuring testimony for the trial and conviction of the persons alleged to have been convicted, or that he accepted a bribe in any form whatever to influence his action, official or otherwise, in procuring such testimony, or in securing their punishment. The averment is that certain persons had been convicted of selling liquor to Indians, and that a fine and sentence of imprisonment had been imposed upon them, the execution of which sentence was being withheld to afford the convicted persons an opportunity to apply for executive clemency. Nothing further therefore was to be done, except to determine whether or not the convicted persons were entitled to executive clemency. What duty, official or otherwise, rested upon the defendant with reference to extending clemency to these or any other convicted person, or in making any recommendations in regard thereto one way or another, is not alleged. Certainly no act of Con-

gress imposes any such duty, and no rule, regulation, or practice of the Department of the Interior, the Bureau of Indian Affairs, or of the President, has been referred to, or is alleged to have been established, which imposes upon any of such officers or employés any such duty, or that require of any of them any recommendation in regard thereto.

The Revised Statutes of the United States authorize the heads of each of the departments to adopt suitable rules and regulations for the conduct of the business of their respective departments (section 161 [U. S. Comp. St. 1901, p. 80]); and the Commissioner of Indian Affairs shall, under direction of the Secretary of the Interior, agreeably to such regulations as the President may prescribe, have the management of Indian affairs and of all matters arising out of Indian relations (section 463 [page 262]); and the President may prescribe such regulations as he may think fit for carrying into effect the various provisions of any act relating to Indian affairs (section 465 [page 264]). These sections authorize the adoption and promulgation of suitable rules and regulations for the carrying into effect of the various provisions of the acts of Congress relating to Indian affairs; but none of them provides that a violation of any such rules or regulations when adopted shall be an offense, and in the absence of such a provision, a violation of the rules or regulations is not a crime.

It is urged by counsel for the government that the court will take judicial notice of the rules and regulations of the executive departments, and that the averments in the indictment that the defendant, "in the performance of his lawful duties as provided by the rules and regulations of the Department of the Interior, was called upon and required to assist in procuring testimony for the trial and conviction of persons who should sell liquor to Indians, etc.," is a sufficient averment that such a rule or regulation had been established requiring such duty. It may be conceded that the courts will take judicial notice of the rules and regulations of the executive departments when any have been established; and admitting, without deciding, that the above-mentioned averment is an averment that rules and regulations have been established, the difficulty with the contention of counsel is that it is not alleged that the rules and regulations, if any there are, impose any duty whatever upon the defendant with reference *to extending executive clemency to these convicted persons.* The averment of the indictment is that the alleged bribe was accepted by the defendant to influence his action upon a matter then pending before him in his official capacity and function as aforesaid; that is to say, "in reporting and recommending, and causing to be recommended to his superior officer, to wit, the Commissioner of Indian Affairs, that such convicted persons be not placed in prison, and such sentence be commuted to fines only." Surely no act of Congress imposes upon the Department of the Interior or any officer or employé thereof the duty that he shall recommend that any punishment imposed upon persons convicted of any offense against the laws relating to Indians shall not be enforced, and it is safe to say that no rule, regulation, or practice of said department or bureau required of the defendant or any

officer or other employé of the department that he or they make any such recommendation as alleged. This alleges only *what the defendant did because of the alleged bribe*, and not the official or other duty of the defendant, which the alleged bribe was intended to influence. But if the allegation could be read, or treated as it may be supposed it was intended to be made, viz., that the defendant was required to investigate and determine whether or not the convicted persons were entitled to executive clemency, and make report thereof to his superior officer, it is sufficient to say that there is no act of Congress or rule or regulation of the department alleged to exist which required of him any such duty; and one cannot rightly be convicted, under section 117 of the Penal Code, of accepting a bribe to influence his official action upon a matter not required of him by law.

The Act of March 3, 1909, c. 263, 35 Stat. 781, 782, making appropriations for the current and contingent expenses of the Interior Department and for other purposes, for the fiscal year ending June 30, 1910, appropriates $50,000 "to enable the Commissioner of Indian Affairs, under the direction of the Secretary of the Interior, to suppress the traffic in intoxicating liquors among Indians." A like provision, except as to amount, is contained in the Indian appropriation act for the fiscal year ending the year previous. It is quite probable that defendant was employed in the Bureau of Indian Affairs, and detailed to procure, or assist in procuring, evidence of unlawful sales of liquors to Indians, and the conviction of such offenders, or other violators of the law relating to the Indians. But such service would hardly to be an "official" duty within the meaning of the section of the Penal Code above quoted. However this may be, if the defendant violated any duty imposed upon him by virtue of his employment in the Bureau of Indian Affairs, which violation is a crime under any law of the United States, an indictment therefor must distinctly charge the offense committed and the facts constituting the same with the required certainty. It cannot be done by indirection, or by way of inference.

The indictment alleges that it had been announced by the judge and United States attorney that the sentences imposed upon the convicted persons would not be remitted or changed unless a recommendation to that effect was made by the Bureau of Indian Affairs. That may have been the opinion of those officers; but that imposed no duty upon the Indian Bureau or the defendant to make any recommendation in regard thereto, nor upon the President to consider it if made. Such announcements, if made, were therefore wholly immaterial.

Counsel for the government cite and rely upon Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415, United States v. Kessel (D. C.) 62 Fed. 57, and Sharp v. United States, 138 Fed. 878, 71 C. C. A. 258, in support of the indictment. It is sufficient to say that nothing is decided in any of these cases that would authorize the sustaining of this indictment.

The demurrer to the indictment must therefore be sustained.