UNITED STATES v. BIRDSALL. SAME v. BRENTS. SAME v. VAN WERT.

(District Court, N. D. Iowa, E. D.   August 18, 1913.)

Nos. 4,164–4,167.

BRIBERY (§ 1*)—INDICTMENT—REQUISITES.

An indictment which alleges that the defendant was a special officer for the suppression of the liquor traffic amongst the Indians, that it was among his duties to make recommendations to the Commissioner of Indian Affairs as to applications for executive or judicial clemency on the part of those convicted of selling liquors to Indians, that it was the custom for the courts in passing sentence upon persons convicted in such courts to confer with the United States attorney and with the Commissioner of Indian Affairs, that certain individuals had pleaded guilty to selling liquors to Indians and had been sentenced to fine and imprisonment, that the court had announced that he would not reduce the sentence without a recommendation from the Commissioner of Indian Affairs, and that the defendant accepted a bribe from the attorney of the person so sentenced to induce him to recommend to the Commissioner that the sentence be reduced, does not charge an offense, since there is no law conferring upon the Interior Department or the Bureau of Indian Affairs any duties regarding recommendations to executive or judicial departments concerning clemency toward persons convicted of a crime, and a rule or departmental regulation or an established custom cannot take the place of an act of Congress in declaring an offense.

[Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 2, 3; Dec. Dig. § 1.*]

Indictments against W. N. Birdsall, Thomas E. Brents, and Everett E. Van Wert for bribery. Demurrer to the indictment in each case sustained.

See, also, 195 Fed. 980; Id. 974.

Harry J. Bone, Sp. Asst. U. S. Atty., of Topeka, Kan.

Charles W. Mullan and H. B. Boies, both of Waterloo, Iowa, for defendant Birdsall.

S. C. Huber, of Tama, Iowa, for defendants Brents and Van Wert.

REED, District Judge. At a former term of this court separate indictments were found and returned against the several defendants. Those against Thomas E. Brents and Everett E. Van Wert charged them, respectively, with having accepted a bribe from the defendant Birdsall, in violation of section 117 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1109 [U. S. Comp. St. Supp. 1911, p. 1623]);

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and those against the defendant Birdsall with having given to said Brents and Van Wert, respectively, a bribe in violation of section 39 of the Penal Code. To these indictments each defendant separately demurred, upon the ground that the indictment against him charged no offense. These demurrers were sustained, and the indictments dismissed. United States v. Van Wert (D. C.) 195 Fed. 974; United States v. Brents and United States v. Birdsall (D. C.) 195 Fed. 980. And reference is made to the opinion in those cases for the charge in each of the indictments, the several demurrers thereto, and the grounds of the decision.

After the ruling upon the demurrers to those indictments, the government resubmitted to another grand jury the same matters charged therein, and procured a new indictment against each of the defendants for the same alleged offense charged in the former indictment against him. To the new indictments each defendant respectively demurs upon the same ground that he demurred to the former indictment against him. The new or second indictments against Brents and Van Wert are identical, except in the name of the defendants and the amount of the bribe alleged to have been received by each. Omitting the formal parts, that against Brents charges:

"That on the 30th day of April in the year 1910, and for more than a year next prior thereto, and during all the dates and times hereinafter mentioned and set forth, in said district and within the jurisdiction of said court, Thomas E. Brents was then and there a person acting for and in behalf of the United States in an official capacity, to wit, a special officer for the suppression of the liquor traffic with and among Indians, under and by virtue of the authority of a department of the government, to wit, the Department of the Interior of the United States; the said Thomas E. Brents having been theretofore duly and legally appointed such special officer by the Commissioner of Indian Affairs, under and by virtue of the authority of the Secretary of the Interior.

"That in the performance of his official functions as such special officer, as provided by the rules and regulations and established usages and practices and requirements of the said Department of the Interior, the said Thomas E. Brents was then and there charged with the duty, and called upon and required, among other things, to make recommendations to his said superior officer, the Commissioner of Indian Affairs, either directly or through other subordinates of the said Commissioner of Indian Affairs, concerning all matters connected with the conviction and punishment of persons who should unlawfully sell liquor to Indians, or otherwise violate the laws of the United States in reference to the liquor traffic affecting the Indians, and to inform and advise the said Commissioner of Indian Affairs, either directly or through other subordinates of said Commissioner when called on so to do, in all such matters and in all matters relating thereto, and particularly, when called on so to do, to inform the said Commissioner whether or not the effective suppression of the liquor traffic with and among Indians would be furthered or prejudiced by executive or judicial clemency in any particular case, and in all the said matters and in all matters relating thereto to act without partiality or favor and truthfully, and without violating or betraying the confidence and trust reposed in him, the said Thomas E. Brents.

"That at the April term of said court in the year 1909, in and for said district, the following named persons, to wit [naming them], were each and all indicted for unlawfully selling liquor to Indians, in violation of laws of the United States, and each and all of said persons above named and indicted as aforesaid entered a plea of guilty at the December term in the year 1909 of said court to the offenses charged in said indictment, and each of said persons who were indicted and entered a plea of guilty as aforesaid were sentenced by said court at the April term, in the year 1910, to pay a fine of one hundred dollars and be imprisoned for a period of 60 days.

"That before any of the aforesaid sentences were enforced or executed an application was made to the judge of the said court for a reduction of the sentences, and for a suspension thereof or part thereof, and also it was stated on behalf of the said persons who had pleaded guilty that an effort would be made to obtain a commutation of the said sentences by executive action.

"That then and there the judge of the said court announced that he would not change or reduce or suspend the said sentences, or any part thereof, unless a recommendation to that effect was made to him by the said Commissioner of Indian Affairs; and the United States attorney in the aforesaid district announced that he would not recommend a commutation, or other executive clemency, unless a recommendation to that effect was made to him by the said Commissioner of Indian Affairs. ·

"That then and there and during all the dates and times herein mentioned it was and long had been the settled usage and practice for the United States judges, in determining upon sentences and upon applications for changes, reductions, or suspensions thereof, to consult the United States Attorney, and either directly or through him as the administrative officer charged with the enforcement of the laws in question, including laws for the suppression of the liquor traffic with and among the Indians, the said Commissioner of Indian Affairs; and likewise it had been and was the settled usage and practice of the President, in the exercise of his power of extending executive clemency, to consult the Attorney General; and likewise it had been and was the settled usage and practice of the Attorney General, for the purpose of advising the President on the said subject, to consult with the United States attorney or other officer by whom the prosecution had been conducted.

"That then and there, and before any of the aforesaid sentences were enforced or executed, said court held the execution thereof in abeyance in order to give the said persons who had pleaded guilty as aforesaid an opportunity to apply to and obtain from the said Commissioner of Indian Affairs said recommendation to the said judge of a reduction or suspension of the said sentences, or a part thereof, and a recommendation from the said United States attorney for a commutation of sentences or other executive clemency.

"That then and there and at all times herein mentioned the Commissioner of Indian Affairs, in the performance of his official duty, as provided by the rules and regulations and established usages and practices and requirements of the said Department of the Interior, and as provided by law, was charged with the duty of assisting in the enforcement of the laws of the United States in reference to the liquor traffic affecting Indians, and particularly with the duty, when requested so to do, of advising and making recommendations to any judge before whom any prosecutions on the said subject may have been tried, and the United States attorney or other officer, by whom the said prosecution had been conducted, concerning the effect upon the enforcement of the said law of any proposed leniency or clemency in connection with the punishment of persons found guilty of offenses thereunder.

"That then and there, and while the said sentences were, as aforesaid, being held in abeyance, one Willis N. Birdsall, who was then and there and theretofore had been attorney for the persons who had pleaded guilty as aforesaid, was desirous of obtaining and intended to seek from the said judge of the said court a reduction or suspension of the said sentences, or a part thereof, and was also desirous of obtaining and intended to seek from the President a commutation or other executive clemency of the said sentences, or a part thereof, and to that end was desirous of obtaining and intended to seek from the Commissioner of Indian Affairs a recommendation to that effect to the said judge, and said United States attorney. That then and there on the 30th day of April, 1910, the said Thomas E. Brents, who was then and there, as he, the said Willis N. Birdsall, then and there well knew, a person acting for and on behalf of the United States in the said official function, as aforesaid, under and by authority of the Department of the Interior of the United States, as aforesaid, did unlawfully, willfully, corruptly, and feloniously accept and receive from the said Willis N. Birdsall the sum of fifty dollars, lawful money of the United States, with the intent to have influenced thereby his decision and action on a question, matter, cause, and proceeding,

then and there expected and intended soon to be pending before him, and then and there expected soon by law to be brought before him in his official capacity and in his place of trust and profit, to wit, that is to say, with intent that, when applications should be made to his said superior officer, the Commissioner of Indian Affairs, for said recommendation or recommendations for leniency or clemency, and when said Commissioner of Indian Affairs should call upon him, the said Thomas E. Brents, either directly or through other subordinates of the said Commissioner, for information, report, advice, and recommendation thereon, particularly as to whether the enforcement of the said laws for the suppression of the liquor traffic with and among Indians would be furthered or prejudiced by said clemency or leniency, he the said Thomas E. Brents should thereupon have his decision and action influenced by the receipt by him of the said sum of fifty dollars, so that he would falsely and without regard of truth, and contrary to his duty as a person acting on behalf of the United States in an official capacity under and by virtue of the Department of the Interior, mislead and misinform said Commissioner of Indian Affairs, either directly or through other subordinates of the said Commissioner, that under the facts and circumstances officially known to him, the said Thomas E. Brents, leniency and clemency ought to be granted to the said persons, or any of them, who had pleaded guilty, as aforesaid, and advise that the said Commissioner should, in the interest of the enforcement of the said laws for the suppression of the liquor traffic with and among Indians, recommend to the said judge, or to the said United States attorney, or to the said Secretary of the Interior, or to the said Attorney General, or to the said President, that leniency and clemency should be granted to said persons who had, as aforesaid, pleaded guilty, or to some of them, so that they should not be placed in prison, but the sentences should be changed and commuted to a fine without imprisonment—contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States.

"H. J. Bone, Special Assistant to the United States Attorney for the Northern District of Iowa."

This indictment differs from the former indictment against Brents only in stating more in detail the rules and regulations of the Department of the Interior, and the customs, usages, and practices of that department and of the Bureau of Indian Affairs; and counsel for the government contends that it overcomes the objections urged, and sustained, to the former indictments. But the difficulty with this contention is (admitting that the indictment is sufficiently direct and certain in its allegations charging the alleged offense, which may be doubtful) that there is no act of Congress conferring upon the Interior Department, or the Bureau of Indian Affairs, any duty whatever in regard to recommending to the executive or judicial departments of the government whether or not executive or judicial clemency shall be extended to, or withheld from, any person who may be charged with, or convicted of, selling intoxicating liquors to Indians, or of any other offense against the United States. Surely under the guise of a rule or departmental regulation, or an established custom or practice of an executive department, legislation cannot be exercised; and an offense or crime against the United States can only be declared by the legislation of Congress.

This question has been so recently considered and determined by the Supreme Court in the case of United States v. George, 228 U. S. 14, 33 Sup. Ct. 412, 57 L. Ed. ——, in addition to the cases cited in the prior opinion of this court, that it is deemed unnecessary to consider the matter further.

The demurrer to each of the indictments now under consideration must be sustained, and the bail of each defendant exonerated.

It is accordingly so ordered.