

# THE ATTORNEY GENERAL
## OF TEXAS

December 12, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Erwin W. Barton
Chairman
Human Services Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-585

Re:   Whether the county auditor or
the county treasurer is the county
payroll   disbursing   officer   for
purposes of Title 110B, V.T.C.S.,
governing public retirement systems

Dear Representative Barton:

Title  110B,  V.T.C.S.,  contains  those  statutes  governing  the
creation and operation of the Employees Retirement System of Texas,
the Teacher Retirement System of Texas, the Judicial Retirement System
of Texas, the Texas County and District Retirement System, and the
Texas Municipal Retirement System.  The various statutes governing the
several systems provide that a payroll disbursing officer or employee
for  each  employer  collects  member  contributions  by  deducting  such
contributions from the compensation of each member that it employs.
V.T.C.S. Title 110B, §§25.402, 35.403, 55.403, 65.402.  You wish to
know whether, in counties of 10,000 or more population, the county
auditor or the county treasurer (in those counties which still have
such officers) is the county payroll disbursing officer for purposes
of section 55.403 of Title 110B, V.T.C.S.  We conclude that the proper
officer is the county treasurer.  We do not address the issue as to
who is the proper disbursing officer or employee in those counties in
which the office of county treasurer has been abolished.

Section   55.403(e)   of   Title   110B,   V.T.C.S.,   provides   the
following:

> The treasurer or disbursing officer of each par-
> ticipating subdivision shall:
>
> (1) make deductions from each member's com-
> pensation for contributions to the retirement
> system;
>
> (2) transmit monthly, or at the time designated
> by the board of trustees, the payroll and other
> pertinent information prescribed by the board; and

> (3) pay the deductions to the board of
> trustees at the board's home office. (Emphasis
> added).

We are required to construe section 55.403(e) in a way that

> expresses only the will of the makers of the law,
> not forced nor strained, but simply such as the
> words of the law in their plain sense fairly
> sanction and will clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex.
1968). The very terms of the statute itself reposes the responsi-
bility for making employee payroll deductions in the treasurer, not
the auditor; Texas law clearly makes the treasurer, not the auditor,
the county disbursing officer.

Article XVI, section 44, of the Texas Constitution provides,
inter alia, that the legislature shall prescribe the duties of the
office of county treasurer. Article 1709, V.T.C.S., sets forth the
duties of the county treasurer and provides in pertinent part that

> [t]he County Treasurer, as chief custodian of
> county finance, shall receive all moneys belonging
> to the county from whatever source they may be
> derived; keep and account for the same in a
> designated depository or depositories; and pay and
> apply or disburse the same, in such manner as the
> Commissioners Court may require or direct, not
> inconsistent with constituted law. (Emphasis
> added).

Article 1709a, V.T.C.S., providing specifically for the receipt, safe-
keeping and disbursement of county funds, sets forth at section 4 the
following in pertinent part:

> From and after the effective date of this Act the
> County Treasurer in each county shall disburse all
> moneys belonging to the county, for whatever
> purpose they may be claimed, and shall pay and
> apply the same as required by law. No moneys
> shall be expended or withdrawn from the county
> treasury except by checks or warrants drawn on the
> county treasury, whether such moneys are in a
> county depository as required by law or not.
> (Emphasis added).

V.T.C.S. art. 1709a, §4.

Article 1651, V.T.C.S., sets forth the duties of the county auditor and provides that

> [t]he Auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county. . . .

See also V.T.C.S. arts. 1653, 1709a.

The word "disburse" generally denotes "pay" or "expend." Woodford v. United States, 77 F.2d 861, 865 (8th Cir. 1935); Wall v. Close, 14 So.2d 19, 36 (La. 1943); see also People v. Battin, 143 Cal. Rptr. 731 (Cal. Ct. App. 1978); Brown v. Honiss, 68 A. 150 (N.J. 1907). It is clear from an even cursory reading of section 55.403 of Title 110B, V.T.C.S., that the county treasurer is the proper officer to deduct member contributions because he is the officer whose responsibility it is to "disburse" county funds. This conclusion is consistent with earlier attorney general opinions that discuss the various responsibilities of the county treasurer and the county auditor.

In Attorney General Opinion V-1387 (1952), this office was asked whether a commissioners court could require a county auditor to handle payroll deductions, accounts, and reports regarding social security for county employees. The opinion held that

> [u]nder the above authorities and articles [setting forth the duties of the county treasurer and the county auditor] we agree with you that it is the duty of the county treasurer to assess the amount of the contributions necessary from the various county employees, to collect this amount, and to transmit same to the state agency. We further agree that under article 1651, V.C.S., the county auditor is required to check, compare, and audit the social security services of the county treasurer, and to certify the results to the proper officials.

In Attorney General Opinion V-711 (1948), this office was asked whether the county auditor, pursuant to the duties imposed by article 1656a, V.T.C.S., had the authority to deduct employees' group insurance premiums from employees' salaries when so authorized by employees. Citing the above statute setting forth the duties of the county auditor, this office held that

> [i]n view of the foregoing provision, neither the collection nor the deduction of the contributions from the salaries of the county employees constitutes any function of the County Auditor. . . . The collection and deduction should be performed by the proper county officer who issues the checks on the County Treasurer for the payment of the salaries of the employees included in the group insurance plan.

See also Attorney General Opinion WW-1107 (1961).

Accordingly, we conclude that the proper county payroll disbursing officer for purposes of Title 110B, V.T.C.S., is the county treasurer rather than the county auditor.

## S U M M A R Y

> In counties with a population of 10,000 inhabitants or more, the proper county payroll disbursing officer for purposes of Title 110B, V.T.C.S., is the county treasurer rather than the county auditor.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General