Honorable Erwin W. Barton Chairman Human Services Committee Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether the county auditor or the county treasurer is the county payroll disbursing officer for purposes of Title 110B, V.T.C.S., governing public retirement systems
Dear Representative Barton:
Title 110B, V.T.C.S., contains those statutes governing the creation and operation of the Employees Retirement System of Texas, the Teacher Retirement System of Texas, the Judicial Retirement System of Texas, the Texas County and District Retirement System, and the Texas Municipal Retirement System. The various statutes governing the several systems provide that a payroll disbursing officer or employee for each employer collects member contributions by deducting such contributions from the compensation of each member that it employs. V.T.C.S. Title 110B, §§ 25.402, 35.403, 55.403, 65.402. You wish to know whether, in counties of 10,000 or more population, the county auditor or the county treasurer (in those counties which still have such officers) is the county payroll disbursing officer for purposes of section 55.403 of Title 110B, V.T.C.S. We conclude that the proper officer is the county treasurer. We do not address the issue as to who is the proper disbursing officer or employee in those counties in which the office of county treasurer has been abolished.
Section 55.403(e) of Title 110B, V.T.C.S., provides the following:
 The treasurer or disbursing officer of each participating subdivision shall:
 (1) make deductions from each member's compensation for contributions to the retirement system;
 (2) transmit monthly, or at the time designated by the board of trustees, the payroll and other pertinent information prescribed by the board; and
 (3) pay the deductions to the board of trustees at the board's home office. (Emphasis added).
We are required to construe section 55.403(e) in a way that expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.
 Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968). The very terms of the statute itself reposes the responsibility for making employee payroll deductions in the treasurer, not the auditor; Texas law clearly makes the treasurer, not the auditor, the county disbursing officer.
Article XVI, section 44, of the Texas Constitution provides, inter alia, that the legislature shall prescribe the duties of the office of county treasurer. Article 1709, V.T.C.S., sets forth the duties of the county treasurer and provides in pertinent part that
 [t]he County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county from whatever source they may be derived; keep and account for the same in a designated depository or depositories; and pay and apply or disburse the same, in such manner as the Commissioners Court may require or direct, not inconsistent with constituted law. (Emphasis added).
Article 1709a, V.T.C.S., providing specifically for the receipt, safekeeping and disbursement of county funds, sets forth at section 4 the following in pertinent part:
 From and after the effective date of this Act the County Treasurer in each county shall disburse all moneys belonging to the county, for whatever purpose they may be claimed, and shall pay and apply the same as required by law. No moneys shall be expended or withdrawn from the county treasury except by checks or warrants drawn on the county treasury, whether such moneys are in a county depository as required by law or not. (Emphasis added).
V.T.C.S. art. 1709a, § 4.
Article 1651, V.T.C.S., sets forth the duties of the county auditor and provides that
 [t]he Auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county. . . .
See also V.T.C.S. arts. 1653, 1709a.
The word "disburse" generally denotes "pay" or "expend." Woodford v. United States, 77 F.2d 861, 865 (8th Cir. 1935); Wall v. Close, 14 So.2d 19, 36 (La. 1943); see also People v. Battin,143 Cal.Rptr. 731 (Cal.Ct.App. 1978); Brown v. Honiss, 68 A. 150
(N.J. 1907). It is clear from an even cursory reading of section 55.403 of Title 110B, V.T.C.S., that the county treasurer is the proper officer to deduct member contributions because he is the officer whose responsibility it is to "disburse" county funds. This conclusion is consistent with earlier attorney general opinions that discuss the various responsibilities of the county treasurer and the county auditor.
In Attorney General Opinion V-1387 (1952), this office was asked whether a commissioners court could require a county auditor to handle payroll deductions, accounts, and reports regarding social security for county employees. The opinion held that [u]nder the above authorities and articles [setting forth the duties of the county treasurer and the county auditor] we agree with you that it is the duty of the county treasurer to assess the amount of the contributions necessary from the various county employees, to collect this amount, and to transmit same to the state agency. We further agree that under article 1651, V.C.S., the county auditor is required to check, compare, and audit the social security services of the county treasurer, and to certify the results to the proper officials.
 In Attorney General Opinion V-711 (1948), this office was asked whether the county auditor, pursuant to the duties imposed by article 1656a, V.T.C.S., had the authority to deduct employees' group insurance premiums from employees' salaries when so authorized by employees. Citing the above statute setting forth d the duties of the county auditor, this office held that [i]n view of the foregoing provision, neither the collection nor the deduction of the contributions from the salaries of the county employees constitutes any function of the County Auditor. . . . The collection and deduction should be performed by the proper county officer who issues the checks on the County Treasurer for the payment of the salaries of the employees included in the group insurance plan.
See also Attorney General Opinion WW-1107 (1961).
Accordingly, we conclude that the proper county payroll disbursing officer for purposes of Title 110B, V.T.C.S., is the county treasurer rather than the county auditor.
 SUMMARY
In counties with a population of 10,000 inhabitants or more, the proper county payroll disbursing officer for purposes of Title 110B, V.T.C.S., is the county treasurer rather than the county auditor.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General